**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM H. NEWMAN,

Defendant-Appellant.

No. 00-3364
(D.C. Nos. 00-CV-3337,
87-CR-30008)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is taken from a district court order denying sua sponte defendant's 28 U.S.C. § 2255 motion to vacate his sentence as untimely filed.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

We granted a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B) and directed the government to address the issue of whether and under what circumstances the district court may sua sponte dismiss an action under § 2255 without first providing the defendant with notice and an opportunity to respond to the court's proposed dismissal.

In response, the government filed a motion to dismiss the appeal because the district court lacked jurisdiction to entertain the § 2255 motion, as it was successive to one filed and denied in 1991. See United States v. Newman, No. 91-3149, 1991 WL 151780 (10th Cir. Aug. 8, 1991). Defendant has had the opportunity to respond to the motion to dismiss as provided by 10th Cir. R. 27.2(A)(4), but has not done so.

Under 28 U.S.C. § 2244, a prisoner may not file a successive motion under § 2255 without first obtaining permission from this court. See Daniels v. United States, 254 F.3d 1180, 1188 (10th Cir. 2001). Therefore the district court lacked jurisdiction to rule on the second motion, and we must vacate the district court's order. See United States v. Avila-Avila, 132 F.3d 1347, 1348-49 (10th Cir. 1997); Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir. 1998).

We will, however, construe defendant's notice of appeal and his pro se brief as an implied application to file a second § 2255 motion in district court.

Avila-Avila , 132 F.3d at 1349.  In order to obtain permission to file a successive

application, defendant must show that his motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Defendant recited alleged trial errors and argues that his sentence for the

escape charge should have been made to run concurrently with another conviction

or convictions.  He also alleges that under Amendment 289 to the United States

Sentencing Guidelines (USSG § 5G1.3), "if an offense is committed while on

escape the escape charge will be dropped."  Appellant's Br. at 15.

Upon review of defendant's arguments, we are satisfied that he has

failed to meet the requirements for filing a successive § 2255 application.

Accordingly, we GRANT the government's motion to dismiss.  The district

court's order of November 1, 2000, disposing of defendant's second petition is

VACATED, and defendant's implied application for leave to file a second

§ 2255 motion in district court is DENIED.  Inasmuch as the district court

granted defendant's motion for leave to proceed in forma pauperis, the like motion made in this court is DENIED as moot.

Entered for the Court


David M. Ebel
Circuit Judge