**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WILLIAM DEAN CARPENTER,

    Defendant-Appellant.

No. 05-7061

(D.C. No. CR-02-72-S)
(E. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Defendant William Carpenter, a federal prisoner appearing pro se, appeals from the district court's denial of his "Application for Writ of Coram Nobis/Alternative Entry of Nunc Pro Tunc." To the extent Carpenter's application sought a writ of coram nobis or the entry of a nunc pro tunc order, we affirm the denial of such relief. To the extent the district court recharacterized Carpenter's application as a motion under 28 U.S.C. § 2255 and denied such relief, we deny Carpenter a certificate of appealability (COA) and dismiss his appeal.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

In September 2002, Carpenter was indicted on sixteen criminal counts arising out of his involvement, while incarcerated in an Oklahoma state facility, in a scheme to file multiple false income tax returns. On October 17, 2002, Carpenter pled guilty to a single count of making a false claim against the United States in violation of 18 U.S.C. § 287. As part of his plea agreement with the government, Carpenter stipulated that he should be sentenced to a term of imprisonment of thirty months, with all other aspects of his sentence to be left to the district court's discretion. Carpenter also agreed to waive all of his appellate rights, including his right to pursue any post-conviction relief. On October 22, 2002, Carpenter was sentenced to thirty months' imprisonment, to be served consecutively to sentences previously imposed on Carpenter in state and federal court.

On January 18, 2005, Carpenter filed a pro se pleading entitled "Application for Writ of Coram Nobis/Alternative Entry of Nunc Pro Tunc." The pleading asserted, in pertinent part, that Carpenter's sentence was excessive in light of the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S.Ct. 738 (2005), and that Carpenter was therefore entitled to be resentenced. Alternatively, the pleading sought the issuance of a "nunc pro tunc order to amend the Judgment [sic] and Commitment Order" to indicate that the thirty-month sentence would run concurrently with, rather than consecutively to, his previously imposed federal sentence.

On March 22, 2005, the district court issued an order denying Carpenter's

application. In doing so, the district court concluded that Carpenter had, by entering into the plea agreement which included an appellate waiver, waived his right to contest his sentence. The district court further concluded that, notwithstanding any waiver, Carpenter's application was properly construed as a request for relief under 28 U.S.C. § 2255 and would be considered time-barred because it was filed more than one year after the judgment in Carpenter's case became final. Lastly, the district court noted that Carpenter's conviction became final prior to the issuance of Blakely, and thus Carpenter was not entitled to the retroactive application of either Blakely or Booker.

II.

We conclude that the district court properly denied Carpenter's request for a writ of coram nobis. "[A] writ of error coram nobis is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice." United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994). Carpenter's assertion that his thirty-month sentence, which he stipulated to as part of his plea agreement, is inconsistent with the holdings in Blakely and Booker is not sufficient to fall within the extremely narrow scope of coram nobis. Indeed, as the district court correctly noted, we have held that Blakely and Booker do not apply retroactively to cases, such as Carpenter's, that became final prior to their issuance. See United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that Booker "does not apply retroactively to criminal cases that became final before its effective date of January 12,

2005"); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005) (holding that <u>Blakely</u> "does not apply retroactively to convictions that were already final at the time the Court decided <u>Blakely</u>").

We likewise conclude the district court properly denied Carpenter's alternative request for the issuance of an order nunc pro tunc. Generally speaking, such orders are reserved for situations where a clerical error in a judgment, order, or other part of a record requires correction. <u>See</u> Fed. R. Crim. P. 36 (governing the correction of clerical errors). Here, no such clerical errors occurred. Instead, Carpenter simply disagreed with the district court's decision to impose his thirty-month sentence consecutively to his previously imposed federal sentence. Thus, there was no basis for the district court to issue an order nunc pro tunc.

Lastly, to the extent the district court recharacterized Carpenter's application as a § 2255 motion and denied such relief, we find no basis for granting Carpenter a COA. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right,

but he must also show "that jurists of reason would find it debatable whether . . . the district court was correct in its procedural ruling." Id. Here, it is beyond dispute that Carpenter is precluded from obtaining relief under § 2255 for two reasons. First, his application was filed well beyond the one-year period of limitations set forth in § 2255. Second, even assuming that Carpenter's application was timely filed, it is clear from the record that Carpenter, at the time he pled guilty, waived his right to seek § 2255 relief.

We AFFIRM the portions of the district court's March 22, 2005 order denying Carpenter's requests for a writ of coram nobis or, alternatively, for issuance of an order nunc pro tunc. To the extent the district court's March 22, 2005 order recharacterized Carpenter's application as a petition under 28 U.S.C. § 2255 and denied such relief, we DENY Carpenter a COA and DISMISS his appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge