FILED
United States Court of Appeals
Tenth Circuit

December 18, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

WILLIAM DEAN CARPENTER,

　　　　Defendant-Appellant.

No. 07-7055

(E.D. Oklahoma)

(D.C. No. 02-CR-72-FHS)

**ORDER**

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

　　　William Dean Carpenter seeks a certificate of appealability ("COA") to appeal the district court's order denying his March 30, 2007 "Habeas Corpus Motion."  For the reasons set forth below, we construe Mr. Carpenter's pleadings as an application to file a successive 28 U.S.C. § 2255 motion, deny that motion, and vacate the district court's order.

I. BACKGROUND

　　　On October 17, 2002, Mr. Carpenter pleaded guilty in the district court to a single count of making a false claim against the United States in violation of 18 U.S.C. § 287.  The district court sentenced him to thirty months'

imprisonment.  The court ruled that this sentence would be served consecutively to sentences that had previously been imposed by state and federal courts.

In January 2005, Mr. Carpenter filed a pro se pleading entitled "Application for Writ of Coram Nobis/Alternative Entry of Nunc Pro Tunc." See United States v. Carpenter, 164 F. App'x. 707 (10th Cir. 2006).  He argued that in light of the United States Supreme Court decisions in United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), he was entitled to resentencing.  The district court denied Mr. Carpenter's application, reasoning that a provision in Mr. Carpenter's plea agreement waived his right to appeal his sentence or challenge it in a post-conviction proceeding.  The court also reasoned that Mr. Carpenter's application should be construed as a 28 U.S.C. § 2255 motion to vacate, modify, or set aside his sentence and that the application was time-barred because it was filed more than a year after his sentence became final.  See 28 U.S.C. § 2255(1) (providing that "[a] 1-year period of limitation shall apply to a motion under this section" and that "[t]he limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final").

On appeal of that prior action, this court concluded that the district court had properly denied Mr. Carpenter's requests for a writ of coram nobis and an order nunc pro tunc.  We also concluded that to the extent the district court had recharacterized Mr. Carpenter's application as a § 2255 motion and denied such

-2-

relief, there was no basis for granting him a COA. See Carpenter, 164 F. App'x at 709-10.

On March 30, 2007, Mr. Carpenter filed the instant "Habeas Corpus Petition." He argued that the district court lacked jurisdiction over his criminal case because the statute granting district courts jurisdiction over all offenses against the laws of the United States, 18 U.S.C. § 3231, was not properly enacted by Congress.

The district court denied Mr. Carpenter's habeas corpus petition. The court construed the petition as a 28 U.S.C. § 2255 motion and concluded that it was time-barred because it had not been filed within a year of November 3, 2002, the date on which Mr. Carpenter's judgment of conviction became final. See Rec. doc. 49.

.

## II. DISCUSSION

Federal prisoners are generally barred from attacking their federal convictions through second or successive 28 U.S.C. § 2255 motions. United States v. Kelly, 235 F.3d 1238, 1241 (10th Cir. 2000). A successive § 2255 motion is one that "(1) successively repeats claims previously decided on the merits, or (2) abusively asserts new ground unjustifiably omitted from a prior petition." Id. (internal quotation marks omitted).

In order to file a successive petition, a petitioner must allege: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. However, a prisoner may not file a successive motion under § 2255 without first obtaining permission from this court. See Daniels v. United States, 254 F.3d 1180, 1197-98 (10th Cir. 2001).

Here, Mr. Carpenter previously filed a challenge to his sentence, which the district court properly construed as a § 2255 motion and denied as time-barred. Despite that prior ruling, Mr. Carpenter did not seek permission from this court to file this second challenge to his sentence. Therefore, the district court lacked jurisdiction to rule on the second motion, and we must vacate its order. See United States v. Avila-Avila, 132 F.3d 1347, 1348-49 (10th Cir. 1997).

We will, however, construe Mr. Carpenter's pleadings as an implied application to file a second § 2255 motion in district court. See id. at 1349. So construed, we conclude that these pleadings fail to meet the standard for successive § 2255 motions. Mr. Carpenter identifies no newly discovered

-4-

evidence that would have affected a factfinder's determination of guilt and he identifies no newly applicable rule of constitutional law.

## III. CONCLUSION

Accordingly, we DENY Mr. Carpenter's application for a COA, VACATE the district court's May 29, 2007 order disposing of Mr. Carpenter's unauthorized second motion under 28 U.S.C. § 2255, and DENY Mr. Carpenter's implied application for leave to file a second § 2255 in the district court.

Entered for the Court,

Elisabeth A. Shumaker
Clerk of Court