UNITED STATES COURT OF APPEALS
**Filed 4/25/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

THEODORE LEWIS GALLEGOS,

      Defendant - Appellant.

No. 95-1369

(D.C. No. 95-C-500)

(D. Colo.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.

The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R. App. P. 34(f), 10th Cir. R. 34.1.2. After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Theodore Gallegos appeals from the district court's dismissal of his 28

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2255 motion. Mr. Gallegos originally pled guilty to making a false statement while obtaining a firearm in violation of 18 U.S.C. § 922(a)(6). The charges against Mr. Gallegos related to his acquisition of a Raven, model MP-25, .25 caliber semi-automatic pistol and an RG Industries, model 14, .22 caliber revolver. He now argues that his sentence for the § 922 offense violated the Double Jeopardy Clause because his Raven firearm was civilly forfeited to the government prior to sentencing. Mr. Gallegos did not raise this issue on direct appeal and did not raise the issue in a prior § 2255 motion. The district court, adopting the government's brief, dismissed Mr. Gallegos's motion for failure to present the issue on direct appeal, for abuse of the habeas corpus writ, and because no double jeopardy violation had occurred. We affirm for the reasons that follow.

Assuming for purposes of this case that Mr. Gallegos's claim is not procedurally barred, we proceed to the merits and hold that no double jeopardy violation occurred because Mr. Gallegos's guns were never forfeited to the government. In support of his contention that a forfeiture occurred, Mr. Gallegos quotes the following colloquy from the change of plea hearing:

THE COURT: Any forfeiture?

MR. MOORE [DEFENSE COUNSEL]: No.

THE COURT: Is the gun forfeited?

2

MR. MOORE:  I don't know if they have the gun.  If they have the gun
there is a potential forfeiture of the weapon.

MR. BUCK [PROSECUTOR]:  We have one weapon.  We don't have the
other weapon.

THE COURT:  Do you understand you would have to forfeit this weapon
that's involved in this case to the government?

MR. GALLEGOS:  Forfeit?

THE COURT:  The government would take it away from you?

MR. GALLEGOS:  Yes, sir, I understand that.

THE COURT:  Do you feel you understand all the consequences of
pleading guilty, Mr. Gallegos?

MR. GALLEGOS:  Yes, I do

R., Vol. II, pp. 16-17.  In response to this § 2255 motion, however, the government submitted the affidavit of an ATF agent who participated in the investigation of Mr. Gallegos.  R., Vol. I., No. 5, Exhibit D (Affidavit of Philip R. Miller).  According to the affidavit, the Raven pistol was never in the possession of the government.  Additionally, the ATF recovered the RG Industries revolver from a pawn shop for purposes of the investigation but subsequently returned it.  Mr. Gallegos does not contest the substance of the affidavit.  Rather, he merely claims that he "may" have had a possessory interest in the gun that was returned to the pawn shop.  These facts do not establish forfeiture. Additionally, Mr. Gallegos's claim that the above-quoted colloquy constituted a civil forfeiture proceeding separate from his sentencing succeeds in being creative but fails as

3

a substantive matter.  Thus, no double jeopardy violation occurred.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge