**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 24 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS AVILA-AVILA, a.k.a. Jesus Avila,

Defendant-Appellant.

No. 97-3102

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 93-CR-10073-02-B)

---

Submitted on the briefs:[*]

Ernest H. Moulos, Wichita, Kansas, for Defendant-Appellant.

Jackie N. Williams, United States Attorney, and Lanny D. Welch, Assistant United States Attorney, Wichita, Kansas, for Plaintiff-Appellee.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is submitted without oral argument.

Before **ANDERSON**, **TACHA**, and **EBEL**, Circuit Judges.

**PER CURIAM**.

Defendant Jesus Avila appeals from the district court's February 21, 1997 Order denying his motion under 28 U.S.C. § 2255 as **"**a second motion, as untimely under 28 U.S.C. § 2255 as amended by [the Antiterrorism and Effective Death Penalty Act of 1996,] and as completely without merit.**"**

In 1994, Defendant Avila entered a conditional guilty plea to one count of possession with intent to sell heroin and one count of illegal reentry of a deported alien. He was sentenced to 188 months followed by eight years of supervised release. He appealed the denial of his motion to suppress. In an unpublished opinion, this court affirmed the district court. United States v. Avila, No. 94-3273, 1995 WL 238578 (10th Cir. Apr. 18, 1995), cert. denied, 116 S.Ct. 233 (1995).

In May 1996, Avila filed his first motion under 28 U.S.C. § 2255 in the Western District of Missouri. In August 1996, the motion was transferred to the District of Kansas. In this motion, he claimed the district court improperly calculated the amount of drugs upon which his sentence was based. The motion was denied. United States v. Avila, No. 93-CR-10073-02 (D. Kan. Dec. 3, 1996)(unpublished). No appeal was taken.

In February 1997, he filed his second motion under 28 U.S.C. § 2255, claiming his plea was involuntary based on ineffective assistance of counsel. The motion was denied. United States v. Avila, No. 93-CR-10073-02 (D. Kan. Feb. 21, 1997)(unpublished). This appeal ensued.

The § 2255 motion filed in February 1997 was Defendant Avila's second motion for purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Because it was filed several months after the April 24, 1996 effective date for the AEDPA, Avila was required to comply with the Act's relevant provisions by obtaining prior authorization from this court before filing it. He failed to do. Thus, the district court lacked jurisdiction to decide the second § 2255, and the February 21, 1997 Order disposing of this unauthorized motion must be vacated. *See* Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997).

However, we will construe Defendant Avila's notice of appeal and appellate opening brief as an implied application for leave to file a second § 2255 in the district court. *See* Pease, 115 F.3d at 764.

In the implied application, Avila contends his plea was involuntary based on ineffective assistance of counsel. He argues that he was coerced by his court-appointed counsel into entering a guilty plea "because of the fear that a life sentence would be imposed," *see* appellate opening brief at 3, that he would not have entered a plea if properly advised of the sentence that would be imposed under the guidelines, *id.* at 6, and that this

3

claim could not have been discovered "through the exercise of due diligence" until the transcripts of the plea and sentencing hearings "became available for appellate purposes," *id*. at 2.

We have thoroughly reviewed the implied application and conclude Defendant Avila has failed to make a prima facie showing that satisfies the AEDPA's criteria. *See* 28 U.S.C. § 2244(b)(3)(C). His claim does not rely on newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the criminal offenses, 28 U.S.C. § 2255(1), and does not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, § 2255(2). Moreover, Avila could have raised this claim in his first § 2255.

Accordingly, the district court's February 21, 1997 Order disposing of Defendant Avila's unauthorized second motion under 28 U.S.C. § 2255 is VACATED, and Defendant's implied application for leave to file a second § 2255 in the district court is DENIED.