# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.                                    Elisabeth A. Shumaker
Clerk                                                     Chief Deputy Clerk

May 27, 1998

**TO:** ALL RECIPIENTS OF THE CAPTIONED OPINION

**RE:** 97-1341, *United States v. Gallegos*
Filed April 23, 1998

The published opinion contains a typographical error. Please see page three of the slip opinion, first full paragraph, last sentence of the paragraph. The citation sentence should appear as follows:

*See* United States v. Avila-Avila, 132 F.3d 1347, 1348-49 (10th Cir. 1997).

A copy of the corrected opinion is attached for your convenience.

Sincerely,

Patrick Fisher, Clerk

By:
Keith Nelson
Deputy Clerk

F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 1998**

**PATRICK FISHER**
Clerk

<u>PUBLISH</u>

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

THEODORE LEWIS GALLEGOS,

 Defendant - Appellant.

No. 97-1341

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 97-Z-880)**

---

Submitted on the briefs:[*]

Theodore Lewis Gallegos, pro se.

Henry L. Solano, United States Attorney, and Charlotte J. Mapes, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

---

 [*] After examining the briefs and appellate record, this panel unanimously has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is submitted without oral argument.

Before **BALDOCK, BRISCOE**, and **MURPHY**, Circuit Judges.

**PER CURIAM**.

Defendant Theodore Lewis Gallegos appeals from the district court's August 18, 1997 Order denying his motion under 28 U.S.C. § 2255.

In 1994, Defendant pled guilty to one count of making a false statement while obtaining a firearm in violation of 18 U.S.C. § 922(a)(6) and was sentenced to a sixty-month term followed by three years of supervised release. No appeal was taken.

In October 1994, he filed his first 28 U.S.C. § 2255 motion, contending his plea was involuntary, and he received ineffective assistance of counsel. On December 28, 1994, the district court denied the motion on the merits. No appeal was taken.

In March 1995, he filed his second § 2255 motion, contending his criminal conviction was barred by double jeopardy because of the forfeiture of his firearm prior to his plea and sentencing. The district court denied the motion finding Defendant did not raise this issue in a direct appeal, the motion constituted an abuse of the writ because this issue could have been raised in his first § 2255, and no double jeopardy violation. This court affirmed. United States v. Gallegos, No. 95-1369 (10th Cir. Apr. 25, 1996)(unpublished).

In April 1997, he filed his third § 2255 motion, contending a quorum of grand jurors were not present when he was indicted, and his counsel was ineffective for inducing him to

2

plead guilty while knowing the grand jury lacked authority. On August 18, 1997, the district court denied the motion on the merits. This appeal ensued.

The § 2255 motion filed on April 29, 1997 by Defendant Gallegos was his third for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because this motion was filed after April 24, 1996, the effective date of AEDPA, he was required to comply with the Act and obtain prior authorization from this court before filing in the district court. Defendant failed to obtain this authorization. Thus, the district court lacked subject matter jurisdiction to decide Defendant's third § 2255, and the August 18, 1997 Order denying the motion must be vacated. *See* United States v. Avila-Avila, 132 F.3d 1347, 1348-49 (10th Cir. 1997).

We however will construe Defendant's notice of appeal and appellate brief as an implied application for leave to file a successive § 2255 in the district court. *See* Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997).

In his implied application, Defendant Gallegos sets forth three issues: he was denied due process "when counsel induced him to waive Rule 6(f) of the Fed. R. Crim. P. and plead guilty," *id.* at 1-3; he was denied effective assistance of counsel because "counsel induced him to plead guilty and to waive his rights under Fed. R. Crim. P. 6(f)," *id.* at 4; and the district court lacked jurisdiction to accept his plea "unless it first canvassed him in open court about the waiver," *id.* at 5.

3

Having thoroughly reviewed the implied application, this court concludes Defendant Gallegos has failed to make a prima facie showing that satisfies AEDPA's criteria. *See* 28 U.S.C. § 2244(b)(3)(C). His claims do not rely on newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the criminal offense, 28 U.S.C. § 2255(1), and do not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, § 2255(2). Defendant should have raised these claims in his first § 2255 motion.

Accordingly, the district court's August 18, 1997 Order denying Defendant Gallegos' unauthorized third motion under 28 U.S.C. § 2255 is VACATED, and Defendant's implied application for leave to file a successive § 2255 in the district court is DENIED.