F I L E D
United States Court of Appeals
Tenth Circuit

JUL 14 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

CHARLES CHAPMAN THAMER, II,

    Plaintiff-Appellant,

v.

GORDON CAMPBELL, STEVE
CORRY, Stake President, GORDON
B. HINCKLEY, President, Church of
Jesus Christ of Latter Day Saints, and
HEBURT GURTS,

    Defendants-Appellees.

Case No. 97-4174

(D.C. 97-CV-754)
(District of Utah)

---

**ORDER AND JUDGMENT** *

---

Before PORFILIO, KELLY, and HENRY, Circuit Judges.

---

Plaintiff Charles Thamer appeals the dismissal of his pro se civil rights

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

complaint. [1] The district court dismissed Mr. Thamer's complaint pursuant to 28 U.S.C. § 1915(g). According to that section, a prisoner may not bring a civil action in forma pauperis if on three or more prior occasions, while incarcerated, he or she "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Mr. Thamer has filed thirteen previous claims in the District of Utah, more than three of which were dismissed as frivolous. Furthermore, this Court has considered several of Mr. Thamer's previous cases. See Thamer v. Graf, No. 93-4093, 1993 WL 340933 (10th Cir. Aug. 27, 1993) (affirming dismissal of "largely unintelligible" complaint); Thamer v. Neighbors, 91-4051, 1991 WL 172646 (10th Cir. Sept. 4, 1991) (affirming dismissal of complaint); see also Thamer v. Graf, No. 95-4192, 1996 WL 494308 (10th Cir. Aug. 30, 1996)

---

[1]An argument can be made that Mr. Thamer's complaint is brought pursuant to 28 U.S.C. § 2254, rather than 42 U.S.C. § 1983. Indeed, his complaint and his brief on appeal are difficult to decode. After examining them carefully, we do not think the district court abused its discretion in treating Mr. Thamer's claim as one arising under § 1983. However, even if Mr. Thamer's complaint were a petition for a writ of habeas corpus, we would dismiss this appeal on the grounds that Mr. Thamer's petition is successive or time-barred. See 28 U.S.C. §§ 2244(b) & (d); see also United States v. Avila-Avila, 132 F.3d 1347, 1349 (10th Cir. 1997) (denying application for leave to file successive habeas petition in absence of newly discovered evidence or new constitutional law).

(dismissing appeal of denial of "largely unintelligible" habeas petition). Thus, Mr. Thamer cannot proceed in forma pauperis unless he is under imminent danger of serious physical injury. The district court found that Mr. Thamer's complaint contained no allegations of imminent danger of serious physical injury.

We have reviewed the record on appeal, and to the extent that we can decipher it, we find no allegation of imminent danger of serious physical injury. Thus, the district court correctly dismissed Mr. Thamer's complaint. Accordingly, this appeal is hereby DISMISSED, and all pending motions are hereby DENIED. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge