**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRANCIS EDWARD SPRINGFIELD,

    Petitioner-Appellant,

v.

FEDERAL CORRECTIONAL
INSTITUTE ENGLEWOOD
WARDEN, WYOMING ATTORNEY
GENERAL,

    Respondents-Appellees.

No. 02-8063

(D. Wyoming)

(D.C. No. 02–CV-63-B)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the record and the appellant's brief, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C). The case is therefore submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. BACKGROUND

Francis Edward Springfield was convicted after a jury trial of various drug and firearms violations. [1] On direct appeal, this court affirmed Mr. Springfield's convictions, but remanded for resentencing under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA). See United States v. Springfield, 196 F.3d 1180 (10th Cir. 1999). We agreed with the government that Mr. Springfield:

> qualifies as an armed career criminal because he previously has been convicted of at least three violent felonies: (1) escape from a prison honor camp, (2) involuntary manslaughter and use of a firearm during and in relation to a crime of violence, and (3) assault and battery while armed with a dangerous weapon.

Id. at 1185. We rejected Mr. Springfield's argument that he did not have three prior violent felony convictions because he had been convicted under a Wyoming statute concerning nonviolent escape from custody. We reasoned that "under the ACCA and the United States Sentencing Guidelines, escape is always a violent crime. It is irrelevant whether the escape actually involved any violence or

---

[1] In particular, the jury convicted Mr. Springfield of: (1) possession with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2, (2) carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A), (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and (4) being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). See United States v. Springfield, 196 F.3d 1180, 1182 (10th Cir. 1999).

whether defendant was convicted under a state statute that defines escape as a nonviolent offense." Id.

After resentencing, Mr. Springfield filed the instant habeas corpus petition challenging the 1973 Wyoming escape conviction that had been used (along with other state court convictions) to enhance his sentence under the ACCA. Mr. Springfield asserted that his guilty plea to the escape charge was not knowing and voluntary because neither his attorney, nor the prosecutor, nor the judge informed him that escape could constitute a violent felony. According to Mr. Springfield, he "was expressly informed that the offense to which he tendered his plea was a non-violent offense." Rec. vol. I, doc. 1, App. at 2 ("Petitioner's Br. in Support of Petition for Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. § 2254 et seq.")

The district court dismissed Mr. Springfield's petition with prejudice. The court held that "if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available, or because the defendant did so unsuccessfully, then that defendant may not collaterally attack his prior conviction through a motion under [28 U.S.C. §§] 2254 or 2255." Rec. vol. I, doc. 2, at 2 (Order Dismissing Petition for Writ of Habeas Corpus, filed April 24, 2002).

## I. DISCUSSION

In order to prosecute this appeal, Mr. Springfield must obtain a certificate of appealability. He may do so by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Springfield may make this showing by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Upon review of the record and the applicable law, we conclude that Mr. Sprinfield is not entitled to a certificate of appealability. As the district court noted, the Supreme Court has held that:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 404-05 (2001) (internal citation omitted); see also Daniels v. United States, 532 U.S. 374, 381 (2001) (holding that, under 28 U.S.C. § 2255, a petitioner may not challenge a prior conviction used to enhance a federal sentence if the prior conviction "is no longer open to direct or collateral attack in its own right because the defendant failed to

-4-

pursue those remedies while they were available (or because the defendant did so unsuccessfully)").

There are two narrow exceptions to this general rule: (1) when there was a failure to appoint counsel in the prior proceeding (a violation of the Sixth Amendment right to counsel pursuant to Gideon v. Wainwright, 372 U.S. 335 (1963)); and (2) when a defendant cannot "be faulted for failing to obtain timely review of a constitutional claim." Lackawanna, 532 U.S. at 405. However, Mr. Springfield has failed to establish that either exception is applicable here.

In particular, Mr. Springfield does not allege that he was without counsel in the prior proceeding. Indeed, in his petition, Mr. Springfield refers to the conduct of his counsel in that proceeding. See Rec. vol. I, doc. 1, App. at 2 (referring to advice that Mr. Springfield received from his attorney prior to the plea hearing).

As to the second exception, we note that the Supreme Court has indicated that it may apply when "a state court [has], without justification, refused to rule on a constitutional claim that has been properly presented to it" and when, "after the time for direct or collateral review has expired, a defendant [obtains] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Lackawanna, 532 U.S. at 405.

Those circumstances are not present here. There is no indication that the state court refused to rule on a properly presented constitutional claim or that Mr. Springfield has uncovered evidence demonstrating actual innocence.

In his appellate brief, Mr. Springfield does argue that he "never had an opportunity to raise his claims in the state court because the claims did not accrue until this court held that all escapes were "violent felonies" under 18 [U.S.C.] § 924(e)." Aplt's Br. at 2. It is true that this court's decisions holding that "'an escape always constitutes 'conduct that presents a serious potential risk of physical injury to another,' for the purposes of the [ACCA] as well as for the career offender provisions of the sentencing guidelines,'" Springfield , 196 F.3d at 1185 (quoting United States v. Moudy , 132 F.3d 618, 620 (10th Cir. 1998)), were decided well after Mr. Springfield pleaded guilty to the Wyoming escape charge in 1973. Nevertheless, these subsequent developments in federal law construing the sentencing provisions in the ACCA do not provide Mr. Springfield with a fresh opportunity to challenge the Wyoming charge in state court. Because Mr. Springfield had the opportunity to challenge the conviction on direct appeal and collateral review, he may not advance another challenge here. See Lackawanna , 532 U. S. at 406 (indicating that a petitioner may be able to challenge under § 2254 a prior conviction used to enhance a sentence if the § 2254 proceeding is "the first and only forum available for review of the prior conviction").

## III.  CONCLUSION

Accordingly, we DENY Mr. Springfield's application for a certificate of appealability and DISMISS this appeal.

Entered for the Court

Robert H. Henry
Circuit Judge