**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES of AMERICA,

      Plaintiff - Appellee,

v.

ALFRED JAMES PRINCE,

      Defendant - Appellant.

No. 06-6043
(D.C. No. 05-CV-1518-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

The district court denied Defendant-Appellant Alfred James Prince's

second or successive 28 U.S.C. § 2255 motion challenging his 1990 bank robbery

and firearm convictions.[1]  Prince appeals from that decision.  Under the

---

[*]      After examining appellant's brief and the appellate record, this panel
has determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

[1]      Prince was convicted of bank robbery, in violation of 18 U.S.C.
§ 2113(a) and (d), and unlawfully using a firearm during the commission of a
violent crime, in violation of 18 U.S.C. § 924(c).  See United States v. Prince,
938 F.2d 1092, 1093 n.3 (10th Cir. 1991).

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, a defendant must obtain this court's authorization to file a second or successive § 2255 motion before filing that motion in the district court.[2] See 28 U.S.C. § 2255; see also United States v. Gallegos, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam). Because Prince failed to obtain this court's authorization first, the district court lacked subject matter jurisdiction to consider his successive § 2255 motion. See Gallegos, 142 F.3d at 1212; United States v. Avila-Avila, 132 F.3d 1347, 1348-49 (10th Cir. 1997) (per curiam). In light of that, we must vacate the district court's decision denying Prince's § 2255 motion. See Gallegos, 142 F.3d at 1212.

Nevertheless, this court will construe Prince's notice of appeal and his appellate brief filed with this court as an application to file a successive § 2255 motion. See id. We will authorize such a motion only if it is grounded upon

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Prince alleges that the district court that tried him on the federal bank

---

[2]     AEDPA applies to this § 2255 motion, even though Prince's convictions became final prior to AEDPA's enactment. See United States v. Daniels, 254 F.3d 1180, 1184-85 (10th Cir. 2001) (en banc).

robbery and weapons charges lacked jurisdiction over him because that court took too long to try him, depriving him of due process and violating the Sixth Amendment, the Speedy Trial Act, see 18 U.S.C. § 3161, Oklahoma's Uniform Extradition Act and the Interstate Agreement on Detainers Act, and the Federal Rules of Criminal Procedure. For the first time in this proceeding, he also asserts that his attorney was ineffective for failing to make these same arguments on direct appeal and to file a timely habeas petition. Having thoroughly reviewed Prince's filings, we conclude he has failed to make a prima facie showing that satisfies AEDPA's criteria. See Gallegos, 142 F.3d at 1212; Avila-Avila, 132 F.3d at 1349. These are the same arguments Prince unsuccessfully asserted in his first § 2255 motion. And Prince has alleged neither newly discovered evidence nor a new rule of law that would apply retroactively to his successive § 2255 motion. See Gallegos, 142 F.3d at 1212; Avila-Avila, 132 F.3d at 1349.

For these reasons, we VACATE the district court's decision denying Prince's second or successive § 2255 motion, and we DENY his implied application for leave to file a successive § 2255 motion in the district court. All pending motions are DENIED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge