**F I L E D**

PUBLISH

**October 25, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAVERN BERRYHILL,

      Petitioner-Appellant,

v.

EDWARD EVANS,

      Respondent-Appellee.

Nos. 04-6392 & 05-6038

---

**APPEALS FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-95-700-T)**

---

Submitted on the briefs:[*]

Raymond P. Moore, Federal Public Defender; Howard A. Pincus, Assistant Federal Public Defender, Denver, Colorado for Appellant.

W.A. Drew Edmondson, Attorney General of Oklahoma; Diane L. Slayton, Assistant Attorney General, Oklahoma City, Oklahoma for Appellee.

---

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

[**]    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

**EBEL**, Circuit Judge.

These appeals arise from Mr. Berryhill's fourth federal habeas petition seeking relief from his state court larceny convictions.[1] In the ten years since the district court entered its final habeas judgment in this case, the case has come before us six times. We previously found it necessary to sanction Mr. Berryhill for filing successive applications to file second or successive petitions, a step that did not forestall his current filing. Case No. 04-6392 is Mr. Berryhill's appeal from the denial of his Rule 60(b) motion, brought in his 28 U.S.C. § 2254 habeas case. Case No. 05-6038 is his appeal from the district court's order denying him in forma pauperis (IFP) status on appeal.

---

[1] He filed a previous petition in 1992, raising an appellate delay claim under *Harris v. Champion*, 938 F.2d 1062 (10th Cir. 1991). The district court did not treat this *Harris* petition as a prior application for purposes of second or successive principles. *See generally Harris v. Champion*, 48 F.3d 1127 (10th Cir. 1995) (*Harris III*) (setting out rules for treatment of *Harris* petitions under second or successive principles). Mr. Berryhill's other two prior petitions were dismissed for failure to exhaust state remedies, and thus did not count as prior applications for purpose of a second or successive analysis. *See Moore v. Schoeman*, 288 F.3d 1231, 1236 (10th Cir. 2002).

## Factual and Procedural History

In 1990, Mr. Berryhill was convicted in Oklahoma state court of two counts of larceny from a retailer, after prior conviction of two or more felonies. He was sentenced to twenty years on each count, to be served consecutively. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions. The state district court denied his application for post-conviction relief, and the OCCA affirmed this denial.

On May 8, 1995, Mr. Berryhill filed his most recent federal habeas petition in the Western District of Oklahoma. The district court denied his petition on July 9, 1996. He appealed. This court denied COA and dismissed his appeal. *Berryhill v. Evans*, No. 96-6264 (10th Cir. Feb. 11, 1997). On April 20, 1998, June 18, 2002, and November 18, 2002, we denied his requests for authorization to file second or successive § 2254 petitions. After Mr. Berryhill's fourth request for authorization we imposed the following sanction: "any further applications filed by Mr. Berryhill for leave to file additional collateral attacks on his 1990 Oklahoma convictions for larceny will be deemed denied on the thirtieth day unless this court otherwise orders."

Mr. Berryhill then attempted to file in this court a motion to recall our mandate issued June 18, 2002. The clerk of court returned the motion to him, unfiled. He refiled his motion in district court. In his motion to recall the mandate, Mr. Berryhill alleged that a fraud had been committed on the federal

habeas court. The district court denied the motion, reasoning that it had no authority to direct the Tenth Circuit to recall its mandate, and that, in any event, the habeas case in the district court had been closed for years and Mr. Berryhill was not authorized to file additional pleadings in that case.

Mr. Berryhill responded with (1) a motion for reconsideration of the denial, and (2) a motion requesting the district court to construe his motion to recall the mandate as a Rule 60(b) motion. The district court denied both motions. He then filed his "Rule 60(b)-(3)-(6) Motion," again raising allegations of fraud on the state and federal courts.

In both his motion to withdraw the mandate and his 60(b)-(3)-(6) motion, Mr. Berryhill asserted that fraud occurred in regard to his original sentence, his direct appeal, and the habeas proceedings. With regard to his direct appeal, he asserted "fraud" based on the district court's alleged lack of jurisdiction to enhance his sentence under the habitual offender provisions. He also asserted that on December 27, 1990, his court-appointed counsel, "or some unknown attorney," filed a "fraudulent appeal out of time" of Mr. Berryhill's convictions with the OCCA. The appeal was allegedly "fraudulent," because no actual notice of appeal had been filed to invest the OCCA with jurisdiction. Notwithstanding the OCCA's disposition of his appeal on the merits, Mr. Berryhill contended that his entire state court direct appeal proceeding was the result of a massive conspiracy, involving the state courts, the district attorney, the public defender's office, and

the Oklahoma state attorney general's office, to deny him an appeal. This alleged fraud was further compounded when his court-appointed attorney on direct appeal allegedly provided him with ineffective assistance in connection with the issues that were actually raised and decided in the appeal.

As to the habeas proceedings, Mr. Berryhill asserted that he brought his federal habeas petition as a "reaction to the conspiracy committed by the above named Oklahoma state officials." R., doc. 51, at 3. The Oklahoma Attorney General "allowed this Petitioner to file the case at bar in federal court, when in fact, he knew or should have known that appell[ate] jurisdiction had never been invoked in this case at bar. [sic]" *Id.* Apparently, the overall aim of the alleged conspiracy was to cause Mr. Berryhill to use up his single chance to file a direct appeal in state court and a § 2254 habeas petition in federal court, without raising the issues he wished to raise.

His allegations of fraud are thus aptly summarized in the following language from his 60(b)-(3)-(6) motion:

> The Okl[ahoma] Attorney General and this Petitioner's appell[ate] attorney conspired together and came into this federal court . . . and lied to this court about the legality of this Petitioner's sentences and the correctness of Petitioner's state appell[ate] procedures, when they both knew such to be false and a fraud upon this court.

R., doc. 57, at 2. In other words, the claim raised by Mr. Berryhill in his Rule 60(b) motion was that the rulings in his conviction and direct appeal were void

due to fraud and that the witnesses in his habeas proceedings committed fraud by not admitting that the previous rulings were void.

In his motions, Mr. Berryhill contended that, in light of the fraud committed on both the state and federal courts, the federal court should withdraw its mandate; the previous state court appeal should be declared void; and he should be granted leave to file an appeal out of time with the OCCA. In other words, he should be permitted to start the entire process of reviewing his convictions all over again, beginning with a fresh, direct appeal in state court.

The district court, after determining that the Rule 60(b) motion sought relief from the 1990 verdict and sentences imposed in Mr. Berryhill's state court proceeding, rather than relief from judgment available under Rule 60(b), denied the motion. Mr. Berryhill appealed the denial, and the district court denied COA.

**Analysis**

Proceeding in accordance with the procedures outlined in *Spitznas v. Boone*, No. 05-6236, ___F.3d___, 2006 WL 2789868 (10th Cir. Sept. 29, 2006), we note, first, that this is an appeal from the denial of a Rule 60(b) motion. If, however, that 60(b) motion was in fact a second or successive petition, the district court lacked jurisdiction to deny it on the merits. *See id.* at *1; *United States v. Gallegos*, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam).

Mr. Berryhill's Rule 60(b) motion charges fraud on the court in regard to the rulings pertaining to his sentencing, his direct appeal, and the denial of his

habeas petition. In cases where the allegation of fraud attacks only "some defect in the integrity of the federal habeas proceedings," *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2648, without attacking "the substance of the federal court's resolution of a claim on the merits," the motion will be considered a true 60(b) motion that can be decided by the district court without prior authorization under § 2244(b). Mr. Berryhill's allegations of fraud clearly do not fall into this category. Instead, his allegations seek to assert or reassert habeas claims (alleged fraud committed regarding his original sentence and direct appeal), or are inextricably intertwined with a claim of fraud committed on the state courts (and perpetuated by an alleged continuing fraud committed in the habeas proceeding to cover up the fraud on the state court), resulting in a merits-based attack on his state convictions.

His allegation that the state hid from the habeas court the fact that the OCCA lacked jurisdiction to adjudicate his direct appeal, for example, "is effectively indistinguishable from alleging that [he] is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez*, 125 S. Ct. at 2648; *see also Spitnzas*, 2006 WL 2789868, at *2. It necessarily attacks the state court judgment, seeking to have it declared void, rather than raising an independent "defect in the integrity of the federal habeas proceedings." *Gonzalez*, 125 S. Ct. at 2648; *see also Spitznas*, 2006 WL 2789868, at *1.

The same is true for his claim that his state-appointed attorney "fraudulently" provided him with ineffective assistance on direct appeal, and his

claim that the state court "fraudulently" lacked jurisdiction to enhance his sentence under the habitual offender provisions. If it were a sufficient showing of fraud to re-allege one's substantive arguments in the guise of fraud on the habeas court based on, for example, the state's failure to argue or demonstrate the legal weaknesses of its own position, no habeas judgment would be safe from a second or successive attack. *See id.* at *2, n.4 (cautioning litigants against re-casting substantive habeas arguments in the guise of "fraud on the court").

Mr. Berryhill also claims that the state conspired to cause him to use up his first habeas petition by failing to disclose jurisdictional defects in the state court proceedings. Such an assertion in this case is entirely meritless, because the only factual basis for it lies in the reformulation of Mr. Berryhill's habeas claims of fraud on the state court in the guise of fraud on the habeas court.

In sum, Mr. Berryhill has filed a second or successive habeas petition and not a true 60(b) motion. We therefore vacate the district court's disposition on the merits of his 60(b) motion.

Mr. Berryhill has filed an application for COA in this case, which we construe as an application for authorization to file a successive petition. In his application for COA, he states "I had no money to hire an attorney so it took me ten years of study in [a] prison law library to determine that my sentences are Void and the trial judge was without jurisdiction to sentence me to said excessive sentences." This allegation, and the other statements in his application for COA,

do not establish "a prima facie showing that the application satisfies the requirements" for a second or successive petition. 28 U.S.C. § 2244(b)(3)(C).

We VACATE the district court's order denying Mr. Berryhill's 60(b) motion, because the court lacked subject matter jurisdiction to rule on the merits of that motion. We DENY him authorization to file a second or successive § 2254 habeas petition. Mr. Berryhill's request to proceed on appeal in forma pauperis is GRANTED. All other pending motions are DENIED.