**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALONDO LAROYNE GAY,

Defendant-Appellant.

No. 05-6103
(D.C. No. 98-CR-118-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Defendant-appellant Alondo Laroyne Gay pled guilty to one count of

distributing approximately 245 grams of crack cocaine and was sentenced to

262 months' in federal prison. In September 2001, approximately two years after

he was sentenced, Mr. Gay filed a 28 U.S.C. § 2255 motion. The district court

denied this motion. On September 20, 2004, Mr. Gay filed a motion, ostensibly

---

[*]        After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under Federal Rule of Civil Procedure 60(b)(4) and (6), seeking relief from the denial of his § 2255 motion (September 2004 Motion).[1]  This motion was denied on the ground that it was "not timely under Fed. R. Civ. P. 60(b)(4)" and not filed within a reasonable time under Rule 60(b)(6).  R., Doc. 116.  On January 27, 2005, Mr. Gay filed a second motion, also ostensibly under Rule 60(b) (January 2005 Motion) asking the district court to reconsider its denial of his September 2004 Motion, because he had not been given the opportunity to file a reply brief.[2]  This motion was denied.  Mr. Gay then filed his notice of appeal on March 22, 2005.  Although the notice of appeal is less than clear, Mr. Gay appears to appeal the denial of both his September 2004 Motion and his January 2005 Motion.

---

[1]     Rule 60(b)(4) allows for relief from a final judgment, order, or proceeding of the district court when "the judgment is void."  Rule 60(b)(6) allows for relief for "any other reason justifying relief from the operation of the judgment."

[2]     Although Mr. Gay simply denominated this motion a motion to reconsider, it is really a second Rule 60(b) motion seeking relief from the denial of his September 2004 Motion.

> The Federal Rules of Civil Procedure do not recognize a "motion to reconsider."  Instead, the rules allow a litigant subject to an adverse [order] to file either a motion to alter or amend the [order] pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the [order] pursuant to Fed.R.Civ.P. 60(b).  These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served.  If a motion is served within ten days of the rendition of [the order], the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b).

*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted).

Analysis

To the extent Mr. Gay appeals the denial of his September 2004 Motion, the appeal is untimely and is dismissed for lack of jurisdiction. Under Federal Rule of Appellate Procedure 4(a)(1)(B): "When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Mr. Gay's notice of appeal was filed almost five months after the October 27, 2004, order denying the September 2004 Motion. "This Court can exercise jurisdiction only if a notice of appeal is timely filed." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006).

To the extent Mr. Gay appeals the denial of his January 2005 Motion, his appeal is moot. In his January 2005 Motion, Mr. Gay sought reversal of the denial of his September 2004 Motion under Rule 60(b) because the district court denied that motion two days after the government filed its response. Mr. Gay argued that the district court committed procedural error because he was not allowed time to file a reply to the government's response before his motion was ruled upon.

A plaintiff may appeal the denial of a Rule 60(b) motion seeking relief from an underlying order or judgment and such an appeal raises for review only the district court's order of denial, not the underlying order or judgment itself. *See Van Skiver*, 952 F.2d at 1243. A review of the record shows that the

-3-

September 2004 Motion was actually a second or successive § 2255 petition in that it essentially attempted–through the use of Rule 60(b)–to set aside Mr. Gay's underlying conviction.

> Under *Gonzalez*[ *v. Crosby*, 545 U.S. 524 (2005)], a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted). Mr. Gay's September 2004 Motion argued that because of errors regarding his sentencing and ineffective assistance of counsel regarding his direct appeal, his conviction was void. Consequently, the district court did not have jurisdiction to grant the relief requested in the motion. *United States v. Gallegos*, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam) (holding that the district court lacks jurisdiction to decide a second or successive § 2255 petition without prior authorization from this court). This, in turn, affects our jurisdiction here on mootness grounds.

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies. To satisfy the Article III case or controversy requirement, a litigant must have suffered some

-4-

actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citation omitted). "It is not enough that a plaintiff wishes to have the moral satisfaction of a judicial ruling that he was right and his adversary was wrong; the relief sought must have legal effect in determining the present and future rights and obligations of the parties" *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1263 (10th Cir. 2004); *see Air Line Pilots Ass'n v. UAL Corp.*, 897 F.2d 1394, 1396 (7th Cir. 1990) (holding that the test is whether the relief sought would "make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation)").

Here, by appealing from the denial of the January 2005 Motion, Mr. Gay is, in effect, requesting that this court reverse the denial of his January 2005 Motion, vacate the denial of his September 2004 Motion, and order the district court to consider a reply brief from him before ruling on the September 2004 Motion. This court has no power to accommodate that request because the district court had no jurisdiction to rule on the September 2004 Motion. The district court only had jurisdiction to transfer the September 2004 Motion to this court, which is not the relief that Mr. Gay sought in his January 2005 Motion.[3]

---

[3]    Despite the fact that we have determined that the September 2004 Motion was a second or successive § 2255 petition, the order denying that motion is undisturbed because there is no timely appeal from that denial before this court. The timely appeal from the order denying the January 2005 Motion, "raises for

(continued...)

## Conclusion

To the extent that Mr. Gay's appeal seeks review of the denial of his September 2004 Motion, his appeal is DISMISSED for lack of jurisdiction because it is untimely. To the extent that Mr. Gay's appeal seeks review of the denial of his January 2005 Motion, his appeal is DISMISSED for lack of jurisdiction because it is moot. Mr. Gay's application to proceed *in forma pauperis* is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[3](...continued)
review only the district court's order of denial [of that motion] not the underlying judgment [denying the September 2004 Motion]." *See Van Skiver*, 952 F.2d at 1243.