**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JIM W. HANSEN,

Defendant - Appellant.

No. 07-4025

(D. Utah)

(D.C. Nos.1:06-CV-76-TC and
1:05-CR-142-TC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Jim Hansen, proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial by the United States District Court for the District of Utah of his motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1) (requiring COA). We deny a COA and dismiss the appeal.

On September 12, 2005, Mr. Hansen pleaded guilty in Utah state court to possession of a controlled substance, but he was not sentenced for that crime until January 13, 2006. In the meantime, on October 31, 2005, law-enforcement officers found a number of firearms in his possession. He was charged with being a felon in possession of firearms, *see* 18 U.S.C. § 922(g)(1), and pleaded guilty. His § 2255 motion alleged that he was not a convicted felon at the time he was found in possession of the firearms because he had not yet been sentenced for the

state offense. The district court denied the motion, holding that under Utah law a guilty plea constitutes a conviction and that therefore he was a convicted felon on October 31, 2005.

Mr. Hansen then filed a pleading requesting from the district court a COA to appeal the denial of his motion and permission to file a successive § 2255 motion. The pleading asserted two new claims for relief, both relating to his sentence: (1) that his sentence had been wrongly increased for possession of stolen property because he had not been charged with that crime and (2) that he was entitled to a reduction in his sentence because he possessed the firearms for hunting purposes. The district court denied a COA without addressing the sentencing arguments or the request to file a successive § 2255 motion. In this court Mr. Hansen's only contentions are the same challenges to his sentence raised in the pleading he filed in the district court after denial of his § 2255 motion.

In a § 2255 proceeding a postjudgment motion that pursues a new substantive ground for relief must be treated as a successive petition and certified by an appellate panel before it can be addressed by a district court. *See Gonzalez v. Crosby*, 545 U.S. 524, 529–31 (2005); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). Therefore, Mr. Hansen's postjudgment pleading, insofar as it sought permission to file a successive § 2255 motion on the sentencing claims, was not within the district court's jurisdiction and that court was correct

in not addressing it. *See United States v. Gallegos*, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam); *United States v. Avila-Avila*, 132 F.3d 1347, 1348–49 (10th Cir. 1997).

We will, however, construe Mr. Hansen's application to us for a COA and his appellate brief as an implied application to file a successive § 2255 motion in the district court. *See Gallegos*, 142 F.3d at 1212. We may certify a successive motion only if its claims rely on either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see Coleman v. United States*, 106 F. 3d 339, 340 (10th Cir. 1997). Because Mr. Hansen's challenges to his sentence meet neither requirement, we deny the application to file a successive § 2255 motion.

As to the claim that *was* raised in Mr. Hansen's § 2255 motion—his challenge to his status as a convicted felon on October 31, 2005—he presents no supporting argument in his pleadings in this court. Therefore, we need not address the issue. *See United States v. Helmstetter*, 479 F.3d 750, 752 n.1 (10th Cir. 2007). In any event, reasonable jurists could not debate the district court's

ruling, so he is not entitled to a COA.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge