**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALFRED JAMES PRINCE,

    Defendant - Appellant.

No. 16-6019
(D.C. No. 5:90-CR-00096-W-1)
(W.D. Okla.)

_____

**ORDER**
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Alfred James Prince, proceeding pro se,[1] appeals from the denial of his "Writ of Cert[io]rari," which we construe as a successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we vacate the district court's denial of Mr. Prince's motion and deny Mr. Prince's implied request for authorization to file a successive § 2255 motion. We also deny Mr. Prince's motion for *in forma pauperis* ("*ifp*") status.

---

[1] Although we liberally construe pro se filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), we may not "assume the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and we do not "fashion . . . arguments for [pro se litigants]," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

## I. BACKGROUND

In 1990, Mr. Prince was convicted of bank robbery by use of a life-threatening weapon, 18 U.S.C. § 2113(a), (d), and use of a firearm in the commission of a felony, 18 U.S.C. § 924(c)(1). He was sentenced to 340 months in prison. We affirmed his conviction on direct appeal. *United States v. Prince*, 938 F.2d 1092, 1095 (10th Cir. 1991). The Supreme Court denied a petition for writ of certiorari. *Prince v. United States*, 502 U.S. 961 (1991).

After his direct appeal became final, Mr. Prince challenged his convictions in various unsuccessful § 2255 motions. *See United States v. Prince*, 186 F. App'x 840, 841 (10th Cir. 2006) (unpublished) (denying authorization to file a second or successive § 2255 motion). He subsequently sought authorization to file another § 2255 motion; the district court transferred the matter to this court, and we denied Mr. Prince's request for authorization. *See United States v. Prince*, No. 07-6030 (10th Cir. Apr. 6, 2007).

On January 5, 2016, Mr. Prince filed a "Writ of Cert[io]rari" in district court, arguing his conviction violated the Fifth and Sixth Amendments because it was based on unreliable information from a cooperating witness. The district court denied his motion, holding, "[t]o the extent, if any, the Court has jurisdiction to consider Prince's request at this date, the Court, upon review of the record, finds reexamination of any issue raised by Prince in his most recent filing is not warranted." App. at 25.

- 2 -

## II. **DISCUSSION**

We construe Mr. Prince's "Writ of Cert[io]rari" as an attempt to bring a successive § 2255 motion because it raises Fifth and Sixth Amendment challenges to his conviction. *See In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) ("It is the relief sought, not the pleading's title, that determines whether the pleading is a § 2255 motion." (quotations and brackets omitted). "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *Id.* at 1251; *see* 28 U.S.C. § 2255(h). Mr. Prince failed to obtain this court's authorization before filing his § 2255 motion. The district court consequently lacked subject matter jurisdiction to consider that motion. We therefore vacate the district court's order. *See Spitznas v. Boone*, 464 F.3d 1213, 1219 (10th Cir. 2006) (explaining that, when a district court denies an unauthorized second or successive § 2255 motion, we vacate the order because the district court lacked subject matter jurisdiction); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006) (same).

Nevertheless, we construe Mr. Prince's appeal brief as an application to file a successive §2255 motion. We may authorize a successive § 2255 motion if it is based on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Mr. Prince cites no newly discovered evidence; on the contrary, he claims the evidence used in his prosecution was unreliable. He also cites no new rule of law that would apply retroactively to his successive § 2255 motion. We therefore deny his request for authorization to file a successive § 2255 motion.

## III. **CONCLUSION**

For the foregoing reasons, we vacate the district court's decision denying Mr. Prince's § 2255 motion and deny Mr. Prince's implied application for authorization to file a successive § 2255 motion in district court. We also deny Mr. Prince's motion for *ifp* status.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk