**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC MARSHALL,

      Petitioner-Appellant,

v.

GARY GOLDER, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 05-1431
(D.C. No. 05-Z-953)
(D. Colo.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Eric Marshall, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition. For substantially the same reasons set forth by the district court, we **DENY** Marshall's request for a COA and **DISMISS**.

Marshall successfully appealed his twelve-year sentence for manslaughter in the heat of passion by arguing that the trial court violated Colorado statutes by enhancing his sentence mandatorily. On remand, the trial court once again imposed a sentence beyond the presumptive range – this time in the exercise of its discretion – and re-sentenced Marshall to twelve years' imprisonment. Marshall

did not appeal this sentence, which became final on October 10, 1997, when the time for seeking direct review expired.  See Colo. App. R. 4(b).

It was not until May 26, 2005, that Marshall filed his § 2254 petition in the court below.  In his petition, Marshall argued that the trial court was required by Colorado law to resentence him within the presumptive range and lacked the discretion to sentence him beyond the range.  Finding that Marshall filed his § 2254 petition outside the applicable one-year limitation period, the district court dismissed the action and subsequently denied Marshall's request for a COA. Marshall now seeks a COA from this court.[1]

Federal law provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  This limitation period begins on "the date on which the judgment became final by . . . the expiration of

---

[1] Marshall's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Marshall to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).  Because the district court denied Marshall a COA, he may not appeal the district court's decision absent a grant of COA by this court.

time for seeking [direct] review." Because Marshall's sentence became final on October 10, 1997, he had until October 10, 1998 to file a petition for habeas relief in federal court. His petition, therefore, is time-barred.

Liberally construing his brief, however, Marshall argues that we should equitably toll the limitations period because his trial counsel failed to file an appeal after he was resentenced. The one-year limitation period may be equitably tolled only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). We agree with the district court that Marshall's allegedly recent discovery that his trial counsel failed to file a direct appeal does not demonstrate that Marshall diligently pursued his claims or that he was precluded by extraordinary circumstances beyond his control from filing a § 2254 petition in a timely manner.

The district court correctly ruled that Marshall filed his § 2254 petition outside the limitations period and has presented no argument warranting equitable tolling. Marshall's application for a COA is **DENIED** and the appeal is **DISMISSED**. We **GRANT** Marshall's motion to proceed in forma pauperis.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

3