FILED
United States Court of Appeals
Tenth Circuit

April 8, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ERIC MARSHALL,

      Petitioner-Appellant,

v.

THE PEOPLE OF THE STATE OF
COLORADO, and THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 09-1555
(D.C. No. 1:09-CV-1595-ZLW)
(D. Colo.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

Eric Marshall, a Colorado state prisoner proceeding *pro se*, requests a

certificate of appealability (COA) to challenge the district court's denial of his

habeas petition under 28 U.S.C. § 2254. In 2006, a previous panel of this court

denied Mr. Marshall a COA because his habeas petition was time-barred under 28

U.S.C. § 2244. *See Marshall v. Golder*, 166 F. App'x 373 (10th Cir. 2006)

(unpublished). The district court adopted the same reasoning when it denied Mr.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Marshall's current application. Although we disagree with the district court's analysis, we nonetheless find that Mr. Marshall's current application must fail.

Mr. Marshall has already filed one § 2254 petition in the federal courts, which means that his current petition qualifies as a "second or successive habeas corpus application." 28 U.S.C. § 2244(b). Accordingly, before Mr. Marshall could file his petition in the district court, he needed to ask this court — "the appropriate court of appeals" — "for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). Because Mr. Marshall failed to obtain leave from us to file in the district court as the statute requires, the district court lacked subject matter jurisdiction over his case. *See Spitznas v. Boone*, 464 F.3d 1213, 1219 (10th Cir. 2006); *Kingsolver v. Ray*, 242 F. App'x 476, 478 (10th Cir. 2007) (unpublished). We thus vacate the order denying the unauthorized § 2254 petition.

Rather than dismiss this petition in its entirety, however, it is our custom to treat the mistaken COA application as an application to file a second or successive habeas petition. *See Spitznas*, 464 F.3d at 1219; *Kingsolver*, 242 F. App'x at 478. We may only authorize the application if Mr. Marshall raises a claim that was not presented in a prior application. *See* 28 U.S.C. § 2244(b)(1). Furthermore, the application must either "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2244(b)(2)(A), or it must raise a claim of

actual innocence, "the factual predicate [for which] could not have been discovered previously through the exercise of due diligence," *id.* § 2244(b)(2)(B).

Even construing Mr. Marshall's *pro se* petition with the solicitude it deserves, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we find that Mr. Marshall has failed to satisfy any of these criteria. Our review of Mr. Marshall's filings, as well as the record in this case, reveals that Mr. Marshall's current application raises the same state law sentencing claim that the previous panel dismissed as untimely. *See* 28 U.S.C. § 2244(b)(1); *Marshall*, 166 F. App'x at 373. And to the extent it might raise a different claim, it does not rely on either a new rule of constitutional law or facts undiscoverable at the time of the previous application. *See* 28 U.S.C. § 2244(b)(2).

Because Mr. Marshall has not satisfied the criteria of § 2244(b)(2), we deny his application to file a second or successive petition under § 2254. And because he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997), we also deny his motion for

leave to proceed *in forma pauperis*.  We caution Mr. Marshall that additional frivolous and repetitive motions in this court may be met with sanctions.  *See United States v. Harper*, 545 F.3d 1230, 1234 (10th Cir. 2008).

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge