FILED
United States Court of Appeals
Tenth Circuit

May 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

JOHN ELDRIDGE CONE,
a/k/a Cowboy,

        Defendant-Appellant.

No. 12-5216
(D.C. Nos. 4:12-CV-00321-CVE-FHM
and 4:05-CR-00022-CVE-3)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

John Eldridge Cone, a federal prisoner proceeding pro se, seeks to appeal the
district court's dismissal of his pleading entitled "Motion to Vacate Judgment
Obtained Through Fraud Upon the Court Pursuant to Fed. R. Civ. P. 60(d)(3)," which
the district court construed as an unauthorized second or successive motion under
28 U.S.C. § 2255. We deny a certificate of appealability (COA) and dismiss this
proceeding.

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

FILED
United States Court of Appeals
Tenth Circuit

May 23, 2013

Elisabeth A. Shumaker
Clerk of Court

After unsuccessfully moving to suppress evidence discovered at his house pursuant to a search warrant, Mr. Cone pled guilty in 2006 to federal drug and firearms offenses. In his plea agreement, he waived his right to pursue a direct appeal or to collaterally attack his conviction or sentence except in very limited circumstances. Accordingly, he did not file an appeal.

In June 2012, however, Mr. Cone filed a § 2255 motion arguing that all the evidence against him arising out of the search of his house should have been suppressed because the affidavit used to secure the search warrant contained false and misleading statements and omitted material facts. The search warrant was issued by a magistrate judge in state court based on an affidavit provided by Officer First, a Tulsa police officer. The affidavit reported information obtained by Tulsa police officers in two traffic stops of third parties who possessed drugs allegedly sold by Mr. Cone. The search of Mr. Cone's house uncovered both drugs and stolen firearms and led to charges in both state and federal court.

In his § 2255 motion, Mr. Cone noted that some of the Tulsa police officers who were involved in the traffic stops or in the search of his house had since been indicted or disciplined for a variety of misconduct, including tampering with evidence and falsifying affidavits for search warrants.[1] In its request for an extension of time to respond, the government noted that Mr. Cone had waived his right to file a § 2255 motion in his plea agreement. Before the government filed its response,

---

[1]    Officer First was not one of those accused of misconduct.

- 2 -

Mr. Cone moved to amend his § 2255 motion to convert it into a "Motion to Withdraw and Nullify Guilty Plea Pursuant to Rule Fed. R. Civ. P. 60(d)(3)." R. at 157.

Mr. Cone acknowledged in his motion to amend that he had waived his right to file a § 2255 motion and that his waiver was knowing and voluntary. He said that he had filed his § 2255 motion based on newly discovered evidence of fabricated evidence and perjured testimony relating to the search warrant, however, and he believed that the court could not enforce the waiver if it would lead to a miscarriage of justice. Mr. Cone claimed that if he had had proof of the corruption of the officers involved, he would not have pled guilty. He argued that the court had inherent equitable power to vacate the judgment because it was obtained through fraud on the court, and he contended that he could assert an independent, non-habeas claim for fraud on the court under Fed. R. Civ. P. 60(d)(3).

The district court denied relief. It held that Mr. Cone's § 2255 motion was within the scope of the waiver in his plea agreement and that the waiver should be enforced. It also held that, even if he had not waived his right to file a § 2255 motion, the motion would fail on the merits. Among other things, the court concluded, the § 2255 motion asserted the same claims Mr. Cone had raised in his suppression motion, and it did not rely on newly discovered evidence. The court further held that Fed. R. Civ. P. 60(d) did not provide any basis for relief because it does not apply to criminal proceedings and is not an independent source of

- 3 -

jurisdiction in a criminal case. The court concluded that § 2255 provided the exclusive remedy for Mr. Cone to test the validity of his conviction and sentence, and it therefore denied his request for relief under Rule 60(d)(3). Mr. Cone did not appeal the district court's ruling.

Soon thereafter, however, he filed a Motion to Vacate Judgment Obtained Through Fraud Upon the Court Pursuant to Fed. R Civ. P. 60(d)(3), which is the subject of this proceeding. Mr. Cone detailed the allegedly false or misleading information and material omissions in the affidavit supporting the search warrant, as well as the evidence supporting his contentions. He argued that the evidence showed that Officer First committed fraud on the state court when he secured the search warrant and that "this harmed the integrity of the process severely." R. at 129. Mr. Cone asked the district court to use its powers under Rule 60(d)(3) to vacate his judgment of conviction. The district court concluded that the motion was in substance a second or successive § 2255 motion, and that the court had no jurisdiction to entertain it absent prior authorization from this court. The district court therefore dismissed the motion for lack of jurisdiction.

Mr. Cone must obtain a COA to appeal the dismissal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling rested on procedural grounds, Mr. Cone must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

- 4 -

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He fails to make the latter showing.

Although Mr. Cone captioned his motion as one for fraud on the court under Rule 60(d)(3), "[it] is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). As the district court noted, Mr. Cone's motion did not raise a defect in the § 2255 proceedings themselves, but rather attacked the validity of his underlying conviction. The district court was therefore correct in construing it as a § 2255 motion. *See Berryhill v. Evans*, 466 F.3d 934, 937-38 (10th Cir. 2006). And because the § 2255 motion was a second or successive one, Mr. Cone had to obtain prior approval from this court before filing it in the district court. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). In the absence of that approval, the district court did not have jurisdiction to entertain the motion and properly dismissed it. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). Jurists of reason would not find that ruling debatable.

The application for COA is therefore denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 5 -