FILED
United States Court of Appeals
Tenth Circuit

September 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AHMED MOHAMMED-
ABDULLAH-OMAR AL-HAJ,

Defendant - Appellant.

No. 15-3081
(D.C. Nos. 5:15-CV-04849-SAC and
5:03-CR-40100-SAC-4)
(D. of Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Ahmed Al-Haj, a federal prisoner, seeks a certificate of appealability

(COA) to appeal from the district court's dismissal of his "independent action"

pursuant to Federal Rule of Civil Procedure 60(d)(1). The district court correctly

determined that the defendant was, in substance, seeking habeas relief pursuant to

28 U.S.C. § 2255. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir.

2006) ("It is the relief sought, not [the] pleading's title, that determines whether

the pleading is a § 2255 motion."). We deny a COA and dismiss this proceeding.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Al-Haj pleaded guilty to one count of possession of a controlled substance under 21 U.S.C. § 841(c)(2), reserving the right to appeal the district court's denial of his motion to suppress evidence. The indictment alleged that Al-Haj possessed 332 pounds of pseudophedrine. The United States Sentencing Guidelines advised a sentencing range of 292 to 365 months, considering an enhancement for obstruction of justice, and the sentencing court entered a judgment of 210 months' imprisonment. Al-Haj subsequently appealed the denial of his motion to suppress, and this court affirmed the denial. *United States v. Al-Haj*, 181 F. App'x 717 (10th Cir. 2006). Al-Haj then filed a motion to vacate under 28 U.S.C. § 2255, but the district court dismissed that motion because it fell within the scope of his waiver of his right to collateral attack.

About seven years later, Al-Haj filed a motion purportedly pursuant to Federal Rule of Civil Procedure 60(d)(1), to vacate the district court's suppression ruling, arguing a lack of reasonable suspicion.[1] The district court treated this motion as a successive § 2255 motion because it challenged the underlying conviction, rather than a defect of the federal habeas proceeding. Because Al-Haj's motion attacks only the suppression hearing, and does not raise a defect in the earlier § 2255 proceedings, we agree with the district court that the

---

[1] Al-Haj also asserted that Federal Rule of Criminal Procedure 36 entitles him to a safety valve reduction, which the district court rejected because he was seeking a substantive change to his sentence rather than correction of a clerical error. Al-Haj does not attempt to appeal the Rule 36 decision.

pleading is correctly construed as a § 2255 motion. *See United States v. Cone*, 525 F. App'x 823, 825 (10th Cir. 2013) (holding that the district court correctly construed appellant's Rule 60(d) motion as a successive § 2255 motion where it attacked the validity of his underlying conviction).

As the district court correctly noted, a successive § 2255 motion requires prior approval in the form of a COA. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). For a COA, Al-Haj must show both that (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court dismissed the first § 2255 motion based on the appellate waiver in the plea agreement and Al-Haj has given us no reason to conclude otherwise. Jurists of reason would not find that ruling debatable.

For these reasons, the application for COA is denied and the matter is dismissed. We DENY Al-Haj's motion to proceed in forma pauperis.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-3-